George Harvey JAMES, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 1383.

United States District Court
D. Nevada.

July 23, 1959.

Eli Livierato, Attorney at Law, Reno, Nev., for plaintiff.

Howard W. Babcock, U. S. Atty., Reno, Nev., for defendant.

ROSS, District Judge.

This is an action wherein the plaintiff seeks to recover from the United States the sum of $1,302.38, being the principal amount of taxes paid on allegedly exempt items, plus $278.13 interest. The government denies that this sum of money was illegally and erroneously assessed and collected. Jurisdiction is conceded.

The pretrial order, as it relates to "admitted facts", states as follows:

"That the Commissioner of Internal Revenue assessed plaintiff with an additional $1,302.38 which resulted from the disallowance as a deduction, any amounts expended by plaintiff for hotels, meals and tips while plaintiff was traveling as a traveling salesman on the basis the plaintiff had failed to show that those expenses were incurred while away from home in the pursuit of his trade or business within the meaning of Section 23(a) (1) (A) of Internal Revenue Code of 1939 [26 U.S.C.A. § 23(a) (1) (A)] inasmuch as plaintiff was constantly in a travel status and that he maintained no home and his home was wherever he happened to be.

"That plaintiff is a traveling salesman and was particularly so engaged in the taxable year in question, 1953, which territory covered Arizona, parts of New Mexico, Utah, Oregon, Washington and Idaho. The plaintiff served approximately two hundred accounts and covered his entire territory approximately two to four times a year. The plaintiff never remained in excess of ten days in any one particular location.

"Plaintiff has been selling and traveling in the same manner since approximately 1927. Plaintiff moved from Oakland, California to Reno, Nevada, with his wife, in May of 1943. They rented and resided in an apartment until some time in April, 1948, when he separated from his wife. After his separation,

plaintiff moved into an apartment at 413 South Center Street, Reno, Nevada and stayed there until January, 1950. He has licensed the automobiles which he has purchased, in the State of Nevada. He has purchased automobiles in the State of Nevada in 1946, 1949 and 1952. Plaintiff registered to vote in 1945 and did vote at that time. Plaintiff maintains a Post Office box in the City of Reno."

The pretrial order concludes as follows: "The following issue of law, fact and no others, remains to be litigated upon the trial:

"As to whether plaintiff had a home in the City of Reno, County of Washoe, State of Nevada, during the taxable year 1953."

This case was set for a jury trial but by reason of there being no disputed factual issues, counsel, after the roll call of the jury panel, stipulated that the matter be tried to the Court. The panel was excused and the trial to the Court proceeded. The plaintiff took the stand in his own behalf and testified to the pleaded and admitted facts. The government offered no proof. Thereupon the respective counsel briefly argued the matter to the Court and the case was submitted for decision. It is conceded that the merits of plaintiff's claim are to be determined under the provisions of Section 23(a) (1) (A) of the Revenue Code, which section authorized the deduction from gross income of

"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including the entire amount expended for meals; and lodging) while away from home in the pursuit of a trade or business * * *."

We point out that personal and living expenses are not deductible under Section 23(a) (1), so if plaintiff is to prevail he must bring himself within the exemptive provisions of Section 23(a)

(1) (A), and the burden is on him to show, *first*, that he had maintained a home in Reno, Nevada, during the year 1953; *second*, that the nature of his business or calling required that he be away from his home; *third*, that by reason thereof he was caused to incur traveling expense and the cost of meals and lodging while away from home; and *fourth*, that the expenses for which the exemption is claimed were "ordinary and necessary."

As a general proposition tax statutes are construed in favor of the taxpayer, but exemptive provisions being matters of exception and of legislative grace, are always construed strictly against the taxpayer—which is the general rule of construction applied to all exceptions to a general statute.

Congress did not exempt the usual living expenses of the taxpayer. We all share that burden equally. While the government admits that there is little or no legislative history behind these sections, particularly as to the travel deduction provision, it would appear that Congress must have reasoned in this manner: No person is permitted to deduct living expenses generally, and ordinarily people are employed in the immediate vicinity of their home. However, there are certain employments which require the taxpayer to be and remain away from his home for extended intervals of time, during which period he is incurring additional and duplicitous expenses; that in order to equalize the burden between the "home" working person and the "away from home" working person an exemption should be granted as to the extent of travel expense, meals and lodging incurred by the "away from home" taxpayer to the extent that they are the ordinary and necessary expenses, incident to the "away from home" employment.

In the list of the foregoing let us examine plaintiff's position. He was engaged in selling the products of several clothing manufacturers on a commission basis. These manufacturers, according to plaintiff's testimony, did not in any manner dictate the towns or states in which he should travel, or when or how often he should visit any particular territory, nor did they exercise any supervision over plaintiff's activities. He canvassed such territories as he saw fit, as often as he cared to, obtained such orders for the manufacturers' garments as he could, and was not bound by any maximum sale output. In short, going where he willed at such times as he saw fit and selling such products as he could he was no more than an ambulatory or traveling merchant, compensated by the various manufacturers whose goods he sold on the basis of a straight commission. He bore all the expense of this occupation.

The manufacturers were situate in several states, and the plaintiff's selling activities covered several western states, including Nevada. He had established a "routing" which covered these states several times a year, including Reno, Nevada. He was, for all practical purposes, a "homeless" person, and his only claim to Reno, Nevada, as a home is that he kept a post office box there, maintained his bank account there, kept a few personal belongings such as clothes and records there, purchased and licensed his automobiles in Nevada; and that on several occasions each year he would be in Reno canvassing the area as he would any other area within his general field of operations. He owned no property in Nevada, other than his car; maintained no permanent residence there, and when there, he stayed in hotels or motels and secured his meals about town as he would do in any other locality that he was canvassing.

It is apparent from the foregoing recital of admitted facts that plaintiff was not burdened with a duplication of both "home" and "outside" expense. His expense was the same whether he was temporarily living in and "working" Denver or Reno. In short, if the exemptive provision, Section 23(a) (1) (A), was based upon the legislative intent of equalizing

the tax burden of "home" working persons and "away from home" working persons, it is obvious that plaintiff is not one of those taxpayers entitled to relief on that score.

Counsel for plaintiff, however, argues that regardless of what the intent of Congress might have been we are bound by the resulting statutes, and that under the wording and interpretation of Section 23(a) (1) (A) plaintiff is entitled to a "home", if not actual then a technical one, for the purpose of implementing and securing to himself the exemptive provision of the section. We concede that under certain factual situations the courts have held that where there has been some doubt as to the existence of a "home" it has been fixed as of the place of employment. Clearly these cases turn upon the particular facts involved. Here, however, even if we could call the various manufacturers whose products plaintiff sells "employers," where among their various locations would we find plaintiff's home? It is apparent that even under this rather arbitrary procedure this plaintiff cannot have his "home" determined in this manner. In any event none of the manufacturers whose products plaintiff sold were located in Nevada.

If we are to go along with plaintiff's contention that he maintained his home in Reno, we must concede that it is not a home in the ordinary sense of the word, but a home technical in sense only, asserted for the purpose of bringing himself within the exemptive provision of Section 23(a) (1) (A). Plaintiff urges that every person is entitled to, and must have a home somewhere. That does not follow. Social workers recognize the "homeless man" as a definite and pressing problem. Whereas intent is oftentimes determinative in establishing domicile, a "home" rests upon something more objective than intent. There must be a *corpus* as well as an *animus manendi*. It is a relationship that a person bears to a given locality evidenced by certain objective and outward manifestations. It is a place of abode in a particular locality, one's "castle", whether it be a hotel room or a mansion, in and about which one centers his personal "off-work" activities. Tested by this definition the plaintiff has failed to establish the fact, which burden he bears, that he had or maintained a home in Reno, Nevada, during the tax year 1953, or, for that matter, that he had a home anywhere. He was truly a transient, and as such is not entitled to the exemption he claims under Section 23(a) (1) (A). We conclude that the Commissioner of Internal Revenue properly disallowed the plaintiff's claimed exemption to the extent of $1,302.38, being the amount expended by plaintiff for hotels, meals and tips while plaintiff was traveling as a traveling salesman while away from home in the pursuit of his trade or business. The testimony of the plaintiff and the stipulated facts also support the finding of the Commissioner that the "plaintiff was constantly in a travel status and that he maintained no home, and his home was wherever he happened to be."

The Court is, therefore, of the opinion that the relief prayed for by the plaintiff should be denied. Counsel for the Government is directed to prepare and lodge with the Court appropriate proposed findings of fact, conclusions of law, and judgment.