Richard E. and Ellen Gay Benson v. Commissioner.
Benson v. Commissioner
Docket No. 4747-67.
United States Tax Court
T.C. Memo 1968-294; 1968 Tax Ct. Memo LEXIS 4; 27 T.C.M. (CCH) 1555; T.C.M. (RIA) 68294; December 26, 1968, Filed Richard E. Benson, pro se, North Boston Rd., Eden, N. Y. Stephen M. Miller, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioners for the year 1965 in the amount of $1,323.17. At trial certain concessions were made by the parties. [1] There are three issues remaining for decision. They are: (1) Whether petitioner Richard E. Benson is entitled to deduct travel expenses between Eden, New York, *5 and Montgomery, West Virginia, and expenditures for meals, lodging and related expenses in Montgomery and, if so, in what amounts; (2) whether petitioners are entitled to deduct any of the cost of insurance paid on their personal residence in Eden, New York; and (3) whether petitioners are 1556 entitled to deduct the cost of building a road on their property in Eden. *6 Findings of Fact Richard E. Benson and Ellen Gay Benson (herein called petitioners) resided in Eden, New York, at the time they filed their petition in this proceeding. They filed their joint Federal income tax return for the year 1965 with the district director of internal revenue at Buffalo, New York. The return shows that Richard received wages of $10,625 from the West Virginia Institute of Technology, Montgomery, West Virginia, and gross receipts from the Benson Process Engineering Company of $7,280; it also shows that Ellen received wages of $7,364.88 from New York State for services rendered as an Erie County 4-H Agent. Since 1942 petitioners have owned and lived in a house located on North Boston Road in Eden, New York. It is their legal residence. It is their voting residence. They pay real estate taxes to Erie County. They pay New York State income taxes. They file their Federal income tax returns in Buffalo, New York. For many years Richard E. Benson (herein called petitioner) has been a consulting engineer. Since April 2, 1943, he has conducted business under the name of Benson Process Engineering Company, which he operated out of his residence. This business was *7 operated during 1965 when petitioner performed consulting work for a client in Buffalo. In 1962 petitioner was informed of a vacancy on the faculty of West Virginia Institute of Technology (herein called the college or Tech), a four year college located in Montgomery, West Virginia, approximately 30 miles south of Charleston. The curriculum at the college is directed toward teacher education, engineering and liberal arts. Petitioner went to the college for an interview in 1962, but because of salary problems and his insistence that he have time off to handle the work of Benson Process Engineering Company, he was not employed at that time. In 1963 petitioner was again contacted by the president of Tech about employment. He was employed for a specific project in July and August of that year and was paid $1,000. On October 5, 1963, petitioner received a temporary appointment as professor of chemical engineering for 9 months beginning September 1, 1963, at a salary of $9,180. Petitioner was also named chairman of the chemical engineering department. As part of the salary arrangement, it was agreed that petitioner would be given one workday (usually Friday) off campus each week so *8 that he could handle his private consulting work in Eden. Petitioner received two additional temporary appointments for 9 months covering the periods from September 1964 to June 1965 and from September 1965 to June 1966. Each additional term appointment was made after the contract expired at the end of the school year. Petitioner did not have permanent tenure or any assurance that he would receive a new contract each school year. In January 1966 petitioner was notified by the dean of the college that he would not be given a new employment contract for the school year beginning September 1966. During the 9-month school year petitioner spent about four days each week in Montgomery, West Virginia, and about three days each week in Eden, New York. He was in Eden or elsewhere on business during the summer months. In 1965 petitioner spent approximately 155 days in Eden, 155 days in Montgomery, and 55 days at Clemson University, Penn State University and Worcester Polytechnic Institute. During the time petitioner was in Montgomery he spent an average of $6.50 per day for his meals. He rented a room in the student union building for $70 per month. During the year 1965 the petitioner's *9 home for tax purposes was in Eden, New York. In that year he incurred transportation expenses to and from Montgomery, West Virginia, and Eden, New York, in the total amount of $1,385.46; he expended the total amount of $1,007.50 (155 days at $6.50 per day) for meals while in Montgomery; and he expended the total amount of $630 ($70 per month for 9 months) for lodging while in Montgomery. Petitioner deducted $65 for insuring his personal residence in Eden for the year 1965. The house had 3 bedrooms, a kitchen, living room, dining room and basement. Petitioner maintained an office and laboratory in the basement which was used in his business as a consulting engineer. Petitioner is entitled to a deduction of $9.30 for the 1557 cost of insuring that portion of the house used by him in carrying on his business. In 1957 petitioners bought a 44-acre farm for investment purposes. They intended to subdivide the property at a later time. The property was located near Eden. In 1959 they began the construction of a 900-foot road on the property known as Ledges Park Drive. The road was completed in 1960. The total cost of the work was approximately $1,500. Petitioners paid the amount of *10 $828.75 to Edwin A. Minekine, the contractor, in 1965. This amount was claimed a deduction on petitioners' income tax return as a payment for "machine work." Opinion Petitioners first contend in their brief, as Richard did at the trial, that respondent, by issuing a notice of deficiency after assessing income tax of $539.42 reported as due on petitioners' 1965 return, has violated their "constitutional rights" by placing them in "double jeopardy" and depriving them of "due process of law." The short answer to this sweeping contention is that there is not one iota of logic or merit to it. Therefore, we turn to the consideration of the substantive issues involved herein. 1. Tax home and expenses for travel, meals and lodging. In determining whether petitioner Richard E. Benson is entitled to deduct under section 162(a)(2), Internal Revenue Code of 1954, his traveling expenses, including amounts expended for meals and lodging, the crucial question is: Where was petitioner's "home" for tax purposes in 1965? [2] He argues that it was Eden, New York, while respondent asserts that it was Montgomery, West Virginia. We agree with petitioner. *11 This is not a case of a taxpayer who keeps his residence at a point where he is not engaged in carrying on a trade or business and claims deductions for living expenses and cost of traveling to and from his residence. Cf. Commissioner v. Flowers, 326 U.S. 465 (1946); Leo M. Verner [Dec. 25,952], 39 T.C. 749 (1963); Mort L. Bixler, 5 B.T.A. 1181 (1927). It is now axiomatic that the "away from home" provision of the statute is designed to mitigate the burden of the taxpayer forced by his business or employment to pay the expenses of maintaining two places of abode. James v. United States, 176 F. Supp. 270, 272 (D. Nev. 1959), affd. 308 F. 2d 204 (C.A. 9, 1962); Leo M. Verner, supra. In this case the petitioner owned and maintained a home for his family in Eden and there carried on the business of the Benson Process Engineering Company. This had been his principal place of business and his home for many years prior to 1965. He continued his engineering consultation work during 1965 and it was a significant source of income to him. In 1965, as in 1963 and 1964, petitioner had a temporary 9-month appointment *12 as professor of chemical engineering at West Virginia Institute of Technology at Montgomery. Cf. Coburn v. Commissioner, 138 F. 2d 763 (C.A. 2, 1943); Burns v. Gray, 287 F. 2d 698 (C.A. 6, 1961); E. G. Leach, 12 T.C. 20 (1949). He spent an average of four days each week in Montgomery and the other three days, as well as holidays and part of the summer, in Eden. In order to carry on his teaching activities, he had to make expenditures for transportation to and from Montgomery, and meals and lodging while there. He maintained no house or apartment in Montgomery; he merely stayed in a room in the student union. The business of Benson Process Engineering Company, as contrasted with the temporary nature of the teaching position, was of a permanent character. Petitioner's roots, viz., historical and familial connections, his house, his consulting business, were in Eden where he spent an equal and substantial part of his time during the tax year. Although it is true that his salary of $10,625 from teaching in 1965 exceeded his gross receipts of $7,280 from his consulting work, that fact alone does not shift his "home" from Eden to Montgomery. The motivating *13 factors which led petitioner to make the expenditures in Montgomery were the exigencies of business rather than his personal conveniences and necessities. This Court has previously recognized that a taxpayer may have more than one occupation or business, and has held that where it is shown that the taxpayer has two businesses which require him to spend a substantial amount of time in each of two cities, he is entitled to deduct traveling 1558 expenses (including meals and lodging) incurred in connection with the one removed from his residence. See Joseph H. Sherman, Jr., 16 T.C. 332 (1951); Joseph W. Powell, 34 B.T.A. 655 (1936), affirmed on another issue 94 F. 2d 483; Walter F. Brown [Dec. 4424], 13 B.T.A. 832 (1928). Cf. S. M. R. O'Hara, 6 T.C. 841 (1946), which is distinguishable on its facts from the instant case. Accordingly, we hold on the facts of this case that the petitioner's tax home in 1965 was Eden, New York. This does not mean, however, that all of his claimed expenses for transportation, meals and lodging are allowable. As indicated by our findings of fact, petitioner is only entitled to deductions *14 of $1,385.46 for travel, $1,007.50 for meals, and $630 for lodging in the year 1965. Any additional amounts have not been substantiated. 2. Insurance on part of residence used in business. Generally, the cost of insuring a dwelling owned and occupied by a taxpayer as a personal residence is not deductible. Section 1.262-1(a)(2), Income Tax Regs. However, where a portion of the house is used in carrying on a trade or business, a pro rata part of the insurance cost is deductible as an ordinary and necessary business expense under section 162(a). Here approximately one-seventh of the residence in Eden was devoted to business use. Therefore, petitioner is entitled to a deduction of $9.30 of the $65 house insurance premium paid. 3. Cost of constructing road on property Petitioners paid $828.75 in 1965 to Edwin A. Minekine for grading, trucking and bulldozing work done on the construction of Ledges Park Drive, a 900-foot road, located on property owned by them. This amount was deducted on their income tax return. It is clearly a capital improvement for which no deduction is allowable. See section 263(1); Dickey Grocery Co., 1 B.T.A. 108 (1924); *15 Wood v. Commissioner, 245 F. 2d 888, 896 (C.A. 5, 1957), affirming a Memorandum Opinion of this Court; and Rev. Rul. 55-253, 1955-1 C.B. 320. To reflect the concessions made by the parties and the conclusions reached herein, Decision will be entered under Rule 50. Footnotes
1. In claiming that he was away from home while working in Montgomery, West Virginia, petitioner Richard E. Benson deducted the following items: Travel…$1,565.86 Meals at $6.50 per day…1,462.50 Lodging and related expenses…879.19 In his opening statement respondent's counsel stated that since petitioner serviced a client in the Western New York area over a period of about 30 days during 1965, respondent concedes that travel expenses of $1,385.46 and meals of $195 were properly deductible as ordinary and necessary business expenses while away from his "tax home" in Montgomery, West Virginia. Respondent has also conceded that $181.55 of the $879.19 for lodging and related expenses represented deductible dues and subscriptions. Petitioner has conceded an adjustment of $158.50 for automobile insurance.↩
2. It is Richard's tax home that controls, and not the tax home of the husband and wife combined, as petitioner claims. His premise is legally incorrect. A similar argument was made and rejected in Robert A. Coerver [Dec. 24,824], 36 T.C. 252 (1961), affirmed per curiam [62-1 USTC 9236] 297 F. 2d 837↩ (C.A. 3, 1962).