CARMEN CHIMENTO AND SUSAN CHIMENTO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5105–67.    Filed September 29, 1969.

Carmen Chimento, pro se.
*Bert W. Hunt*, for the respondent.

1070

OPINION

Raum, *Judge:* Section 162(a), I.R.C. 1954, provides for the deduction of ordinary and necessary business expenses, which include "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business." The dispute in this case concerns whether petitioner was "away from home" during 1965. Petitioner claims his home was his brother's house in Garfield, N.J., while the Commissioner contends that it was in Binghamton, N.Y. We sustain the Commissioner.

Cases involving the meaning of "away from home" often involve a situation in which the taxpayer's residence and place of work are at different locations. In such cases, a taxpayer may argue that "home" in section 162(a) (2) means residence, a view that has not been universally accepted: compare *Rendell Owens*, 50 T.C. 577, 580; *Ronald D. Kroll*, 49 T.C. 557, 561–562; *Floyd Garlock*, 34 T.C. 611, 614; and *Mort L. Bixler*, 5 B.T.A. 1181, 1184; with *Steinhort* v. *Commissioner*, 335 F. 2d 496, 504–505 (C.A. 5); *Burns* v. *Gray*, 287 F. 2d 698, 700 (C.A. 6); *Commissioner* v. *Janss*, 260 F. 2d 99, 104 (C.A. 8);

and *Wallace* v. *Commissioner*, 144 F. 2d 407, 411 (C.A. 9) ; cf. *Stidger* v. *Commissioner*, 386 U.S. 287, 291-292. A taxpayer may also argue that his job assignment is merely "temporary," as opposed to "indefinite," so that he falls under the rule that a temporary place of employment that differs from a taxpayer's residence does not become his "tax home" for section 162(a)(2) purposes. See, e.g., *Ronald D. Kroll*, 49 T.C. 557, 562; *Lawrence P. Dowd*, 37 T.C. 399, 409; *Floyd Garlock*, 34 T.C. 611, 615; *Harry F. Schurer*, 3 T.C. 544, 547. Cf. *Peurifoy* v. *Commissioner*, 358 U.S. 59

While petitioner was not here represented by counsel and filed no brief, we think that neither of the above arguments are relevant to his case because he did not during the year in issue (1965) maintain a residence separate from his place of employment. There was no place other than Binghamton that could be considered petitioner's home under any theory. His connections in Garfield, N.J., were far too tenuous to warrant characterizing it as his home. He paid no rent to his brother; he owned no property and paid no taxes in New Jersey. At best, he merely visited his brother's home there on occasion and kept a few of his belongings there. He lived throughout the year with his family in Binghamton, registered his automobile in New York State, and filed a resident New York State income tax return. Petitioner's peripatetic existence over the 9 years prior to his assignment in Binghamton found him in some 13 different jobs in 13 widely scattered locations. At no time did he have a fixed place of residence. Petitioner from the time he left the Air Force in 1956 until his assignment to Binghamton was one of those taxpayers without a fixed abode who have been held, for purposes of section 162(a)(2) "to carry their homes on their backs" and are thus never "away from home." See, e.g., *James* v. *United States*, 308 F. 2d 204 (C.A. 9), *Kenneth H. Hicks*, 47 T.C. 71; *Henry C. Deneke*, 42 T.C. 981; *Wilson John Fisher*, 23 T.C. 218, affirmed 230 F. 2d 79 (C.A. 7); *Charles E. Duncan*, 17 B.T.A. 1088, affirmed per curiam 47 F. 2d 1082 (C.A. 2). Petitioner carried his home on his back to Binghamton and there his home remained during his assignment there.

Many cases have pointed out that the primary purpose of allowing "away from home" expenses to be deducted is to mitigate the burden on a taxpayer who must maintain two separate places of abode and thus duplicate certain expenses. See, e.g., *James* v. *United States*, 308 F. 2d 204, 207–208 (C.A. 9) ; *Harvey* v. *Commissioner*, 283 F. 2d 491, 495 (C.A. 9) ; *Ronald D. Kroll*, 49 T.C. 557, 562; *Kenneth H. Hicks*, 47 T.C. 71, 74; and *Leo M. Verner*, 39 T.C. 749, 754. Here, petitioner incurred no living expenses in respect of his alleged home in Garfield. As the court stated in *James* v. *United States*, 308 F. 2d at 207–208:

For these reasons it has generally been held that the taxpayer cannot be "away from home" within the meaning of Section 23(a)(1)(A) [the predecessor in the 1939 Code to section 162(a)(2)] unless he has a "home"; or the same result is reached by holding that the "home" of a taxpayer without a fixed and permanent abode is located wherever the taxpayer happens to be.[8] And we think the better reasoned authority holds that a taxpayer has a "home" for this purpose only when it appears that he has incurred substantial continuing living expenses at a permanent place of residence.[9] [Footnotes omitted.]

See also *United States* v. *Mathews*, 332 F. 2d 91 (C.A. 9). By such definition, petitioner's home in 1965 was not Garfield, N.J., but was Binghamton, N.Y. The expenses for which he took deductions were thus not incurred while he was "away from home" and are therefore not properly deductible.

Moreover, we note that even if petitioner had a bona fide residence in Garfield, it would not qualify as his "home" within the statute, for, by 1965 at least, when the petitioner was married, had rented an unfurnished apartment in Binghamton, and had purchased furniture therefor, his presence in Binghamton had become indefinite rather than temporary, and, for that reason alone he would not have been "away from home" within the meaning of section 162(a)(2). Cf. *Leo M. Verner*, 39 T.C. 749; *Arnold P. Bark*, 6 T.C. 851.

*Decision will be entered for the respondent.*