J. B. Stewart v. Commissioner.
Stewart v. Commissioner
Docket No. 6191-69.
United States Tax Court
T.C. Memo 1971-307; 1971 Tax Ct. Memo LEXIS 25; 30 T.C.M. (CCH) 1316; T.C.M. (RIA) 71307; December 1, 1971, Filed. *25 Travel expenses: Away from home: Proof. - The petitioner, an engineer, was transferred from Anaheim, California, to Hill Air Force Base, Utah, in 1966, for an initial period of 19 1/2 months. This period was almost immediately shortened to 11 1/2 months but later was extended several times, and the petitioner did not complete his work at Hill until 1969. Held, because the petitioner has failed to show that he has retained any significant connections with California in 1967 or that he incurred any additional or duplicative expenses as the result of his connections to California, the expenses for meals and lodging which he incurred in Utah in 1967 were not traveling expenses incurred while he was away from home. 1317 J. B. Stewart, pro se, 333 East 7th South, Salt Lake City, Utah. W. Durrell Nielsen, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $1,046.79 in the petitioner's 1967 Federal income tax. The only issue for decision is whether expenses for meals and lodging which the petitioner incurred in 1967 when he was working at Hill Air Force Base, Utah, were incurred while he was away from home. Findings of Fact Some of the facts were stipulated, and those facts are so found. The petitioner, J. B. Stewart, maintained his residence in Salt Lake City, Utah, at the time the petition was filed in this case. He is unmarried and filed his individual Federal income tax return for 1967 with the district director of internal revenue, Salt Lake City, Utah. Since 1963, the petitioner has been employed as an engineer by Autonetics, a division of the North American Rockwell Corporation. Autonetics has its home office in Anaheim, California, and from 1963 until January 1966, the petitioner was employed at the Anaheim office. While he was employed in Anaheim, he lived *27 in an apartment, and shared the expenses thereof, with his brother. From January 19, 1966, until June 30, 1969, the petitioner was assigned by Autonetics to Hill Air Force Base, Utah, where he worked on the repairing of Minuteman missiles. He was initially assigned to Hill Air Force Base for approximately 19 1/2 months, or through August 1967, but within 2 weeks after he arrived in Utah, the initial assignment was shortened to 11 1/2 months, or through December 1966. In December of 1966, his assignment was extended until December 31, 1967, but in January of 1967, this extension was modified to provide for an August 31, 1967 scheduled return date. In September of 1967, his assignment was extended until October 31, 1968, and later modifications extended his assignment until June 30, 1969. While he was in Utah, the petitioner received a per diem allowance of $11.50 from Autonetics. Federal and Utah income taxes were withheld from the per diem payments, and such withholdings were reported on the W-2 form that the employee received with his regular salary. As the company considered an employee to be at home when working in Anaheim, no per diem payments were permitted during the time *28 that an employee was required to return to Anaheim for work or "in-house" training. From January 1966 until September 1967, the petitioner leased an apartment in Ogden, Utah, on a month-by-month basis. Beginning in September 1967, the petitioner rented an apartment in Salt Lake City on the same basis. In 1967, he purchased a new automobile and registered and titled it in Utah. For that year, he filed a Utah State tax return wherein he declared himself a resident of Utah. The petitioner has no family for which he is responsible in California, and he owns no real property in California or Utah. On his 1967 Federal income tax return, the petitioner deducted an amount equal to the $3,657 which he received in per diem payments during the year as a business expense. In his notice of deficiency, the respondent determined that Ogden, Utah, was the petitioner's tax home and concluded that the petitioner did not incur travel expenses away from home within the meaning of section 162, Internal Revenue Code of 1954. [1]
Opinion The only issue for decision is whether expenses for meals and *29 lodging incurred by the petitioner in 1967 while employed at Hill Air Force Base, Utah, were deductible as having been incurred while the petitioner was away from home. Sec. 162(a)(2). The petitioner contends that his tax home was in California where he lived and worked from 1963 to 1966 and where the home office of his employer was located. He, therefore, concludes that the expenses incurred in Utah were incurred while he was away from home. The respondent argues that the expenses were not incurred away from home because the petitioner did not retain such connections with California as were necessary to have it considered his tax home. Alternatively, the respondent contends that even if the petitioner had significant connections with California in 1967, his tax home was Utah, because he was assigned there indefinitely and not 1318 temporarily. As we decide this case on the basis of the respondent's first contention, we do not reach the question of whether his employment in Utah was temporary or indefinite. Section 162(a)(2) permits a taxpayer to deduct traveling expenses including those which he incurs for meals and lodging while away from home in the pursuit of a trade or business. *30 The reason for allowing such a deduction is to "mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain * * * [both a permanent and temporary place] of abode and thereby incur additional and duplicate living expenses." Ronald D. Kroll, 49 T.C. 557, 562 (1968). See Rosenspan v. United States, 438 F. 2d 905, 912 (C.A. 2, 1971), cert. denied - U.S. - (Oct. 12, 1971); James v. United States, 308 F. 2d 204, 207 (C.A. 9, 1962); Truman C. Tucker, 55 T.C. 783, 786 (1971); Lloyd G. Jones, 54 T.C. 734, 740 (1970), affd., 444 F. 2d 508 (C.A. 5, 1971); Kenneth H. Hicks, 47 T.C. 71 (1966). If a taxpayer cannot show that he had both a permanent and temporary abode in the year in question, he is not entitled to the deduction. See Rosenspan v. United States, supra; James v. United States, supra; Kenneth H. Hicks, supra; Henry C. Deneke, 42 T.C. 981 (1964); Moses Mitnick, 13 T.C. 1 (1949); Charles E. Duncan, 17 B.T.A. 1088 (1929). A traveling salesman is not entitled to a section *31 162(a)(2) deduction if he cannot show that he had a permanent place of abode from which he was absent when he incurred his traveling expenses. Rosenspan v. United States, supra; James v. United States, supra; Kenneth H. Hicks, supra; Henry C. Deneke, supra; Moses Mitnick, supra; Charles E. Duncan, supra. In Rosenspan, the taxpayer, a traveling salesman, was "on the road" most of the year, but returned to New York City for 60 days a year, used his brother's New York City address as his permanent address, stored his clothing there, voted there, and vacationed there; his children and the office of his employer were in New York City. Despite those connections with New York City, the Court of Appeals for the Second Circuit found that the taxpayer did not incur any duplicative expenses to maintain a residence there and that he did not have a permanent abode there. Similarly, in James v. United States, supra, the Court of Appeals for the Ninth Circuit held that a traveling salesman did not have a tax home in Reno, Nevada, where he was present and rented a room for 30 days a year even though while there *32 he did his banking, filed his income tax return, bought his car, paid his insurance, and stored his belongings. None of these activities gave rise to additional or duplicative expenses. In Kenneth H. Hicks, supra, an unmarried traveling salesman, working on his first job, maintained a permanent address and bank account in Paragould, Arkansas, paid his automobile license fee and assessed his automobile for personal property tax there, and contributed $100 toward the expenses of his parents' home in Paragould. The Court found that the $100 did not constitute "substantial continuing and duplicitous expenses" and held Paragould was not his tax home. In Henry C. Deneke, supra, the taxpayers, traveling salesmen, stayed in a hotel in Palestine, Texas, 53 nights of the year. Their children were in boarding school there, they paid their taxes there, and it was their legal residence. Nevertheless, the Court found that Palestine was not their tax home because the petitioners had not incurred "substantial continuing living expenses" there. Similarly, an engineer who is transferred to a new duty station is not allowed a deduction for the meal and lodging expenses which he incurred *33 at that duty station unless he can show that he retained a permanent place of abode in the area from which he was transferred. In Leo M. Verner, 39 T.C. 749 (1963), an engineer was transferred from the headquarters of his employer to an assignment station. He moved his family to his assignment station and rented a house there. He claimed as his tax home the area where he and his family had lived when he had worked at the headquarters of his employer. The Court, in denying the deduction, found that the evidence did not show that the petitioner had any connections with the area from which he had moved or that he had incurred any additional or duplicative expenses. The facts of the present case are essentially the same as those in Leo M. Verner, supra. The petitioner has failed to show that he incurred any duplicative expenses in 1967 or that he had substantial contacts with California in that year. Neither the testimony, stipulations, nor exhibits in this 1319 case give any indication that the petitioner incurred any expenses in California in 1967. Although the petitioner had previously lived and worked in California, from the evidence presented, the only *34 contact that the petitioner definitely had with California in 1967 was that the home office of his company was there. He had no relatives for which he was responsible in California, he neither worked nor lived there in 1967, and he owned no land in California. He has clearly shown less connections with California than did the taxpayers in Rosenspan v. United States, supra; James v. United States, supra; Kenneth H. Hicks, supra; and Henry C. Deneke, supra - in all of which the courts found that the connections were insufficient to prove that the claimed residence constituted a permanent abode. In contrast, in 1967, the petitioner lived and worked in Utah and paid State taxes there as a resident. The petitioner has made several arguments to the effect that his intention to return to California was indicated by his lifestyle which included renting an apartment on a month-by-month basis, regularly eating in restaurants, and sending his laundry out. However, even if the existence of such a lifestyle had been substantiated, it would not have aided the petitioner. He did not show that his lifestyle in Utah was any different from his previous *35 lifestyle, and he failed to prove either that he incurred duplicative living expenses or that he had substantial contacts with California. Under these circumstances, we hold that the petitioner failed to prove that he had a permanent abode in California during 1967; therefore, he has failed to prove that he is entitled to deduct his expenses of living in Utah that year as traveling expenses. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩