ESTIL G. PHILLIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket No. 2916-78.
United States Tax Court
T.C. Memo 1979-258; 1979 Tax Ct. Memo LEXIS 264; 38 T.C.M. (CCH) 1027; T.C.M. (RIA) 79258; July 11, 1979, Filed *264 Held, petitioner failed to carry his burden of showing that he was "away from home" or that his employment was temporary, therefore, he is not entitled to an employee business expense deduction under sec. 162(a)(2), I.R.C. 1954, for meals and lodging in 1975. Leon K. Oxley, for the petitioner. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $1,923.84 in petitioner's 1975 Federal *265 income tax. The sole issue [1] is whether petitioner's employment in Clarksburg, West Virginia was "away from home" in 1975 which would allow him to deduct expenses incurred for meals and lodging under section 162(a)(2). [2]
FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Estil G. Phillips resided in Huntington, West Virginia, when he filed his 1975 individual Federal income tax return with the Internal Revenue Service Center, Memphis, Tennessee, and when he filed his petition in this case. Petitioner is a project engineer and a member of the Building and Trade Council American Federation of Labor. He obtains employment on a job-by-job basis through his union local office. On March 1, 1974, petitioner obtained employment through his union local with S. J *266 Groves & Sons Co., Minneapolis, Minnesota. S. J. Groves & Sons Co. assigned petitioner to work at Clarksburg, West Virginia. Petitioner was employed continuously at Clarksburg, West Virginia, from March 1, 1974 through July 31, 1976. He traveled from his Huntington, West Virginia, home to his place of employment in Clarksburg, West Virginia, where he rented a trailer for lodging during the course of his employment from March 1, 1974 through July 31, 1976. On petitioner's 1975 income tax return, he claimed an employee business expense of $4,712.50, consisting of deductions for meals ($2,840.00), laundry ($192.50), and room and electricity ($1,680.00), relative to his employment at Clarksburg, West Virginia. In the notice of deficiency, respondent disallowed the deduction of the expense on the ground that petitioner's employment was indefinite in duration and the expense was not incurred while petitioner was "away from home." The parties stipulated that substantiation of the employee business expense deduction is not in issue. OPINION Section 162(a)(2) permits a deduction for ordinary and necessary traveling expenses (including amounts expended for meals and lodging) while *267 away from home in pursuit of a trade or business. This is an exception to the general rule under section 262 that personal living expenses are nondeductible. To qualify for a deduction under section 162(a)(2) three conditions must be satisfied: (1) the expenses must be ordinary and necessary; (2) the expenses must be incurred while the taxpayer is "away from home"; and (3) the expenses must be incurred in pursuit of a trade or business. Hicks v. Commissioner,47 T.C. 71, 72-73 (1966). In the instant case, the only issue is whether petitioner was "away from home" at the time the expenditures were incurred. "Home" for purposes of section 162(a)(2) means the taxpayer's principal place of employment. Kroll v. Commissioner,49 T.C. 557, 561-62 (1968). There is an exception to the general rule where a taxpayer who maintains a home in one location accepts employment at another location which is temporary rather than indefinite in duration. Peurifoy v. Commissioner,358 U.S. 59, 60(1958). If a taxpayer's employment is temporary for a fixed or short period of time, the site of such employment is not the taxpayer's home for purposes of *268 section 162(a)(2). Tucker v. Commissioner,55 T.C. 783, 786 (1971). A place of indefinite employment, however, is considered a taxpayer's home for purposes of that section. Commissioner v. Peurifoy,254 F. 2d 483(4th Cir. 1957), affd. 358 U.S. 59 (1958). The location of a taxpayer's tax home or whether a taxpayer's employment was temporary rather than indefinite are fact questions and the burden of proof is on taxpayer. Welch v. Helvering,290 U.S. 111 (1933); Rule 142 (a), Tax Court Rules of Practice and Procedure. Petitioner has presented no evidence showing either the location of his tax home or that his employment was temporary. If it could have been reasonably assumed at the inception of petitioner's employment that it would not continue for a substantial indeterminate period of time, Norwood v. Commissioner,66 T.C. 467, 469 (1976), it appears that the employment, which may have been originally temporary, could have become indefinite due to changed circumstances or simply the passage of time. Kroll v. Commissioner,49 T.C. 557, 562 (1968). On the basis of the record we are *269 unable to find respondent's determination incorrect. Since petitioner failed to carry his burden of proof, we hold for respondent. Decision will be entered for the respondent.
Footnotes
1. Apparently petitioner has conceded other issues raised in respondent's notice of deficiency because they were neither specifically addressed in his petition to this Court nor was any evidence presented to refute respondent's determination which is presumed correct. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩