FELIX ODLE AND ARATHA ODLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Odle v. Commissioner
Docket No. 2136-82.
United States Tax Court
T.C. Memo 1985-459; 1985 Tax Ct. Memo LEXIS 172; 50 T.C.M. (CCH) 947; T.C.M. (RIA) 85459; September 3, 1985. Felix Odle, pro se. Larry N. Johnson, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $5,143.66 in petitioners' joint 1978 Federal income tax. After concessions the sole issue for determination is whether petitioners are entitled to a deduction in the amount *174 of $18,288.96 reported on their Federal income tax return for 1978 as employee business expense. [1]
FINDINGS OF FACT Petitioners resided in Pittsburgh, Pennsylvania, when they filed their petition in this case. Petitioner husband, Felix Odle ("Felix"), held a degree in electronic engineering from Rollins College. Felix was employed as an engineer in 1978. Petitioner wife, Aratha Odle ("Aratha"), was a housewife. Felix and Aratha were married in June of 1978 and were divorced in February of 1984. In the years 1972 through 1978, Felix obtained employment as an engineer through subcontracting companies. Each time that Felix was employed through a subcontracting *175 company he entered into an employment contract which specified the term of employment. These contracts could be extended through renewal. During the year at issue Felix was employed by Volt Information Sciences, Inc. ("Volt") and Lincoln Technical Service, Inc. ("Lincoln"). Volt employed Felix to work on a project for the Tennessee Valley Authority in Chattanooga, Tennessee. Felix was employed in Chattanooga from February of 1978 through October of 1978. In November of 1978 Felix was employed by Lincoln to work on a project for Westinghouse at Oak Ridge, Tennessee. Felix remained at Oak Ridge until April of 1979. Felix stayed in the Chattanooga area during his employment at the Tennessee Valley Authority project and in the Oak Ridge area during his employment at the Westinghouse project. Prior to 1978 Felix had been employed at a number of different locations. In 1972 Felix was employed by Penney's in Titusville, Florida. Subsequent to his employment at Penney's, Felix was employed in Titusville by Brevard County. After his employment by Brevard County terminated, Felix unsuccessfully sought employment as an engineer in the Titusville area. Felix was successful in finding *176 employment as an engineer outside of the Titusville area through subcontracting companies. Between 1972 and 1978 Felix was employed in DeLand, Florida, for four months, West Palm Beach, Florida, for seven months, Pascagoula, Mississippi, for six months, and Detroit, Michigan, for four months. Felix moved to Titusville in 1971 and owned a home there. Felix had no family in Titusville. He was not employed in Titusville after his employment by Brevard County terminated. However, he did commute from Titusville to his job site at DeLand, Florida, visit Titusville on weekends, and live in Titusville during periods of unemployment. Felix maintained a Florida driver's license. After his marriage to Aratha in June of 1978, Felix moved to Grand Bay, Alabama. Grand Bay, Alabama, was Aratha's residence. Felix lived in Grand Bay between his employment at Chattanooga and at Oak Ridge. Grand Bay, Alabama, was listed as petitioners' present home address on their joint 1978 Federal income tax return. On their joint 1978 Federal income tax return, petitioners reported income from wages in the amount of $28,787.58. This amount was attributable to services performed by Felix for Volt and *177 Lincoln. Petitioners claimed an adjustment to this income in the amount of $18,288.96 for employee business expenses. This adjustment represented deductions claimed for the following items: Per diem traveling expenses [2]
52 Days at $18.90
$982.80 80 days at $29.15 (Including wife)
2,332.00 268 days at $7.50
2,010.00 Valet and laundry cleaning
556.67 Boat expenses to Bahamas--business trip
650.000
$6,531.47 Car expense
8.785.49 Meals on the road
320 X $14.75 Felix
80 X $14.75 wife
5,900.00 Total travel expense
$21,216.96 Less reimbursement
[3] (2,928.00)
Net total expense
$18,288.96 The "car expense" was attributable to gasoline, repairs, tires, insurance, tags and licenses, depreciation, interest, taxes, and miscellaneous expenses for five automobiles. Respondent disallowed the entire $18,288.96. OPINION Petitioners claim that they are entitled *178 to deduct the amount disallowed by respondent. Respondent's determinations are presumptively correct and the burden of proof rests with petitioners. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a).[4]
We must first consider petitioners' claim that they are entitled to deduct amounts for per diem traveling expenses, "valet and laundry cleaning" and "meals on the road." Respondent maintains that these amounts are not deductible because petitioners were not "away from home" within the meaning of section 162(a)(2), petitioners have not shown that Aratha's expenses were deductible section 162(a)(2), and petitioners have failed to substantiate their deductions as required by section 274(d). As a general rule, deductions for personal living or family *179 expenses are disallowed under section 262. Section 162(a)(2), however, permits a taxpayer to deduct ordinary and necessary "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *". [Emphasis added.] Where the taxpayer's wife accompanies him, the wife's expenses are deductible if her presence serves a bona fide business purpose. Sec. 1.162-2(c), Income Tax Regs. The performance of incidental services does not satisfy the requirement that her presence serves a bona fide business prupose. Sec. 1.162-2(c), Income Tax Regs.
Generally, a taxpayer's "home" for purposes of section 162(a)(2) is in the vicinity of his principal place of business or employment and not where his personal residence is located if different from the taxpayer's principal place of business or employment. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Daly v. Commissioner,72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981). If a taxpayer *180 does not have a principal place of employment, his permanent residence is his home for tax purposes. Rambo v. Commissioner,69 T.C. 920, 924-925 (1978).However, a taxpayer who has neither a principal place of employment nor a permanent residence has no home to be away from for purposes of section 162(a)(2). Wirth v. Commissioner,61 T.C. 855, 859 (1974). Where a taxpayer accepts employment away from his principal place of employment or permanent residence if he has no principal place of employment, he will be away from home if such employment is temporary rather than indefinite. Tucker v. Commissioner,55 T.C. 783, 786 (1971); Kroll v. Commissioner,49 T.C. 557, 562 (1968). The rationale for this exception is that a taxpayer should not have to bear the burden of duplicative living expenses attributable to the demands of his business. Tucker v. Commissioner,supra at 786; Hicks v. Commissioner,47 T.C. 71, 74-75 (1966). Here, the evidence in the record indicates that in 1978 Felix did have a home for purposes of section 162(a)(2), first in Titusville, Florida, and *181 later in Grand Bay, Alabama. The employment which Felix accepted through the subcontracting companies in 1978 and prior years was clearly only temporary in duration. Felix had continuing contacts with Titusville, Florida, from 1972 through the date of his marriage to Aratha in 1978. He owned a house in Titusville where he lived and worked until his employment with Brevard County was terminated. In addition although he was subsequently employed outside of the Titusville area, Felix lived in Titusville while employed at DeLand, Florida, and traveled to Titusville on weekends when he was employed at other locations. Finally, the record indicates that in the period 1972 through June of 1978, Felix only lived outside of Titusville for a total of 26 months. Likewise, Felix moved his home for purposes of section 162(a)(2) to Grand Bay, Alabama, when he married Aratha. Grand Bay was Aratha's residence, and it is reasonable to conclude that Felix would contemplate adopting his wife's residence as his own.Felix did in fact stay at Grand Bay for several weeks between his employment in Chattanooga, Tennessee, and Oak Ridge, Tennessee, and reported Grand Bay as his permanent home address *182 on petitioners' joint 1978 Federal income tax return. Felix's continuing contacts with Titusville and his contacts and family ties with Grand Bay do not suggest that he is an itinerate worker who has no home. Instead the evidence in the record indicates that his living expenses at Chattanooga and Oak Ridge, in part, duplicated his living expenses at his permanent residence in Titusville and Grand Bay. The expenses attributable to Aratha are not deductible. Aratha did not incur any expenses as a part of her own trade or business. However, petitioners claim that Aratha's expenses are deductible because her presence served a bona fide business purpose. Felix testified that Aratha answered the telephone to insure that Felix was able to communicate with potential employers. The only other services which Felix testified that Aratha performed were maintaining Felix's records, servicing his automobiles and laundry and valet services. [5] Felix acknowledged that he had answered the telephone prior to his marriage and probably could have continued to do so without Aratha's assistance. Felix also acknowledged that Aratha could have performed this service while residing in Grand Bay. Consequently, *183 it is clear from the evidence in the record that the services which Aratha performed were incidental and do not support petitioners' contention that her presence served a bona fide business purpose. We conclude that Aratha's presence at the locations where Felix worked was motivated by personal considerations, and no deduction is allowable for any expenses attributable to Aratha. Although we find that the per diem traveling expenses, "valet and laundry", and "meals on the road" attributable to Felix satisfy the "away from home" requirement of section 162(a)(2), they must comply with the substantiation requirements of section 274(d). Section 274(d) provides, in pertinent part: (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer *184 substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * (C) the business purpose of the expense or other item, * * *. Under this provision each element of petitioners' claimed expenses must be substantiated and any expenditure not substantiated will be disallowed in full. Buddy Schoellkopf Products, Inc. v. Commissioner,65 T.C. 640, 644-645 (1975); Sanford v. Commissioner,50 T.C. 823, 828-829 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Section 1.274-5(c)(3), Income Tax Regs., provides for "substantiation by other sufficient evidence" where the taxpayer fails to establish that he has adequate records. Under section 1.274-5(c)(3), Income Tax Regs., the taxpayer is permitted to establish the elements of an expenditure: (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By *185 other corroborative evidence sufficient to establish such element. Here, petitioners were not able to introduce sufficient evidence to satisfy the elements of section 274(d). [6] Felix maintained that he had a dairy in which he recorded some of the expenses claimed but stated that the diary was unavailable. Although petitioners may substantiate each element of an expenditure through an oral or written statement and other corroborative evidence, there is no evidence in the record, testimonial or otherwise, which is sufficient to establish each element of any of the expenditures. Felix, in fact, testified that his accountant had prepared petitioners' joint 1978 Federal income tax return and that he did not know what many of the expense amounts represented. [7] Consequently, petitioners have failed to show that they have complied with the substantiation requirements of section 274(d). *186 On the basis of this record, we deny a deduction for the per diem traveling expenses, "valet and laundry", and "meals on the road". We must next consider petitioners' claim that they are entitled to deduct expenses designated as "Boat Expenses to Bahamas--Business Trip." Respondent maintains that this amount is not deductible because the expenditures were not ordinary and necessary within the meaning of section 162(a), the expenditures were not reasonable, and petitioners failed to substantiate their deductions as required by section 274(d). [8]
Ordinary has been defined as normal, usual or customary. Deputy v. Du Pont,308 U.S. 488, 495-496 (1940). Necessary has been defined as appropriate and helpful. Welch v. Helvering,290 U.S. 111, 113 (1933). The expenses must be proximately related to the business activities. Walet v. Commissioner,31 T.C. 461, 471 (1958), affd. per curiam 272 F.2d 694 (5th Cir. 1959). *187 Here, Felix testified that the boat trip to the Bahamas was a "gratuity" item. Felix also testified that he and his wife accompanied one of his supervisors and another person on this trip. Felix could not identify the name of the supervisor nor did he explain where he was employed when the trip took place or the date of the trip. We believe that providing a "gratuity" of this type to a supervisor is highly unusual. In addition, petitioners did not supply any evidence to demonstrate how this expenditure would benefit Felix in his trade or business. This trip appears to have been a personal vacation for Felix and his wife which might have been incidentally shared by a supervisor. As such, the expenditures for the trip are not ordinary and necessary business expenses within the meaning of section 162(a), and no deduction is allowable. Having determined that the expenditures were not ordinary and necessary, we make no determination as to the reasonableness of the expenditures. Even had we determined that the expenditures for the boat trip met the ordinary and necessary requirements of section 162(a), any deduction would be disallowed under section 274(d). *188 Section 274(d) provides, in pertinent part: (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- * * * (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such activity, * * * * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, amusement, recreation, or use of the facility, * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, * * *. The rules for substantiation of entertainment expenses under section 274(d)(2) are identical to the rules for substantiation of travel expenses under section 274(d)(1) except that the taxpayer must also show his business relationship to the person entertained or using the facility. Sec. 274(d). Here, the expenditures relating to the boat trip would clearly be in the nature of entertainment *189 or use of an entertainment facility. Petitioners did not introduce any records nor did they produce sufficient evidence to satisfy the elements of section 274(d). The only evidence in the record providing any detail as to these expenditures was Felix's own uncorroborated testimony. Felix did not testify as to the date of the trip or the business purpose of the trip except to indicate that it was a "gratuity". Felix's failure to provide testimony as to each element of section 274(d) and petitioners' failure to provide any corroborating evidence requires that we find that petitioners have not complied with section 274(d). On the basis of this record, we deny a deduction for expenses related to the boat trip. Finally, we must consider petitioners' claim that they are entitled to a deduction for expenses related to operation of five automobiles. Respondent maintains that these expenses are not deductible because petitioners were not "away from home" within the meaning of section 162(a)(2), the expenditures were not ordinary and necessary within the meaning of section 162(a), the expenditures were not reasonable, and petitioners failed to substantiate their claim as required by *190 section 274(d). We have previously determined that Felix was "away from home" within the meaning of section 162(a)(2). We also believe that a portion of the amount of the expenditures claimed in relation to the five automobiles was ordinary, necessary, and reasonable travel expenses under section 162(a)(2). However, as with Felix's other traveling expenses, we cannot permit a deduction because petitioners have failed to submit sufficient evidence to satisfy the elements of section 274(d). Consequently, petitioners are not entitled to deduct amounts claimed for gasoline, repairs, tires, insurance, tags and licenses, and miscellaneous expenses. Amounts claimed for depreciation, except where subject to section 274(a), interest and taxes need not be substantiated under section 274(d). Section 274(d), (f). We do believe that Felix used his automobiles in his trade or business while traveling away from home. However, we believe that the business portion of the expenses relating to the five automobiles is excessive. We note that some of the business usage which petitioners claim is undoubtedly *191 attributable to Aratha whose presence at Felix's job sites was not for a bona fide business purpose. Consequently, any deductions related to her use of the automobiles must be denied. Petitioners have not introduced sufficient evidence to substantiate their expenditures or to show what Felix's actual business usage of the automobiles was. However, under the rule of Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930), we may approximate allowable deductions "bearing heavily if [we choose] on the taxpayer whose inexactitude is of his own making." Based on the record before us, we have approximated petitioners' deductions related to the five automobiles as $1,510.19 for depreciation, $62.50 for interest, and $177.00 for taxes. Although the nonbusiness portion of interest and taxes may be deducted in calculating taxable income under section 63(b), petitioners have not shown that these amounts added to any other itemized deduction amounts in 1978 are in excess of their zero bracket amount. Sec. 63(b). To reflect the foregoing, Decision will be entered under Rule *192 155.
Footnotes
1. Respondent also disallowed an investment tax credit claimed by petitioners. Since petitioners failed to raise the investment tax credit as an issue in their pleadings, this issue is deemed conceded. Rule 34(b)(4), Tax Court Rules of Practice and Procedure.↩ In any event petitioners have failed to present sufficient evidence to meet their burden of proof on this issue. We note that the automobile for which the investment tax credit was claimed was apparently purchased in 1977 rather than in the year at issue.
2. Although not characterized as such on petitioners' return, these amounts apparently represent average expenses which petitioners incurred for their stay in Chattanooga and Oak Ridge. ↩
3. Respondent did not raise an issue with regard to the reimbursement amount.↩
4. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
5. In contrast, Aratha's activities were described on petitioners' joint 1978 Federal income tax return as aiding in report writing and typing records, maintaining secretarial records, and handling appointments.↩
6. Felix claimed to have receipts for expenditures at the trial of this case. Felix did not offer these receipts into evidence. The receipts themselves were not organized, and had he introduced them into evidence we might have declined to review them. Winter v. Commissioner,T.C. Memo. 1983-118. Although we appreciate the fact that the trial of this case was scheduled in Seattle, Washington, on October, 22, 1984, 19 days after we granted a change of the place of trial at Mobile, Alabama, we conclude that petitioners had a sufficient opportunity to prepare their case. We note that the petition in this case was filed on January 25, 1982, the Notice Setting Case for Trial in Mobile, Alabama, was served on July 16, 1984, and petitioners' motion to change the place of trial was filed on the first day of the trial session in Mobile, Alabama. In addition, we note that Aratha represented both petitioners at the hearing on their motion to change place of trial and was specifically directed by the Court to contact Felix regarding the disposition of the motion to change the place of trial. Felix's failure to produce a schedule of his receipts, diaries, or other documents supporting petitioners' deductions was clearly a result of petitioners' dilatory actions. At the very latest, petitioners should have begun collecting their records when they received the Notice Setting Case for Trial. ↩
7. For example, Felix testified as follows: MR. ODLE: Hmm. I really don't know. I don't see what he has laid out here for that seven fifty. He's got 268 days which would be a total number of days, but he doesn't really spell out here what it's for. But that would be a figure -- it has to be a figure for -- THE COURT: What was the $7.50 for? What did that cover? MR. ODLE: I don't -- it must be -- it's got to be some standard expense like food or something of that nature for 268 days -- something that has to occur --.↩
8. Respondent does not claim that these expenditures should be disallowed under the more stringent requirements of sec. 274(a)↩.