THOMAS M. AND SHELLEY L. CRAIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crain v. Commissioner
Docket No. 17524-80.
United States Tax Court
T.C. Memo 1985-498; 1985 Tax Ct. Memo LEXIS 137; 50 T.C.M. (CCH) 1130; T.C.M. (RIA) 85498; September 23, 1985. Thomas M. Crain, pro se. Scott N. McCallum, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill pursuant to the provisions of section 7456 and Rules 180 and 181. [1] The Court agrees with and adopts his opinion which is set forth below. *138 OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This case was filed as a small tax case. The Court granted petitioners' motion, made before trial, to remove the small tax case designation. See Rule 172(c). The case was heard as a regular case. Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $3,031. After concessions by respondent, the issues remaining for decision are: (1) whether petitioners had a "tax home" for purposes of section 162(a)(2); (2) whether petitioners are entitled to deduct the costs incurred by a petitioner (Mrs. Crain) to take a nursing board examination, and (3) whether petitioners may deduct certain unsubstantiated expenditures. For purposes of clarity, the findings of fact and opinion will be categorized by reference to the particular types of deductions claimed by petitioners on their 1977 return. A "Tax Home" for Purposes of Section 162(a)(2).
Petitioners are Thomas M. Crain (Thomas) and Shelley L. Crain (Shelley), husband and wife, who resided at Grand Junction, Colorado when they filed their petition in this case. They filed a joint Federal income tax return for 1977, *139 showing their home address as 133 Mt. View, Hot Springs, Arkansas. From 1971 until late 1976 petitioners lived with Thomas' parents at 133 Mt. View, Hot Springs, Arkansas. During this time Thomas, a journeyman electrician, received job assignments through his union hall located in Hot Springs. Late in 1976, Thomas was assigned by his union to work in Donaldsville, Louisiana. From this time until August 1977 Mr. and Mrs. Crain resided in Baton Rouge, Louisiana. During at least a portion of this period, Mrs. Crain also worked in Baton Rouge. In August 1977, Thomas' employment in Donaldsville was terminated. In August 1977, the Crains returned to Hot Springs and Thomas took a new job in Sheridan, Arkansas, which he obtained through his union. This job lasted two and one-half weeks. He stayed with his parents in Hot Springs while working in Sheridan. After that, he worked in McGehee, Arkansas and lived in a trailer near the job site until the end of 1977. Petitioners maintained a bank account in Amity, Arkansas; had their can registered in Arkansas; filed their tax return from Arkansas; and had an Arkansas drivers license. Also, some of petitioners' bills were sent to the *140 home of Thomas' parents in Hot Springs and were forwarded to them. Petitioners did not pay any rent to Thomas' parents, nor did they contribute any money to them for the purchase of groceries, the payment of utility bills, or the payment of other expenses associated with the upkeep of a home. Petitioners deducted their travel expenses in the amount of $10,381.37 (including meals and lodging) under section 162(a)(2) while away from Hot Springs in pursuit of their trade or business. Respondent disallowed petitioners' deduction on the basis that petitioners had no "tax home." The Court agrees with respondent's determination. In order to qualify for a deduction under section 162(a)(2), petitioners must show (1) that their expenses were ordinary and necessary; (2) that the expenses were incurred while "away from home"; and (3) that they incurred the expenses in pursuit of their business. Commissioner v. Flowers,326 U.S. 456, 470 (1946); Hicks v. Commissioner,47 T.C. 71, 72-73 (1966). Respondent only challenges whether petitioners' expenses were incurred "while away from home" within the meaning of section 162(a)(2). The purpose of allowing the *141 deduction of living expenses while a taxpayer is "away from home" is "to mitigate the burden of the taxpayer who, because of exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Kroll v. Commissioner,49 T.C. 557, 562 (1968); Hicks v. Commissioner,47 T.C. 71 (1966). Whether petitioners had a "tax home" is a factual question, and the burden of proof is on petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rambo v. Commissioner,69 T.C. 920 (1978); Rule 142(a). As a general rule, a "tax home" is at a taxpayer's abode in the vicinity of the principal place of his employment. Michel v. Commissioner,629 F.2d 1071 (5th Cir. 1980), affg. a Memorandum Opinion of this Court. There is no evidence in the record which supports petitioners' contention that they have incurred the requisite increased or duplicate living expenses by maintaining the house at 133 Mt. View, Hot Springs, Arkansas. We think it pertinent that in Baton Rouge, Mr. and Mrs. Crain rented and lived in an apartment and maintained an account in a local bank. *142 Mrs. Crain held a Louisiana driver's license, registered to vote in that state, and held a job there during at least part of their stay. Mr. Crain also registered to vote in Louisiana and served as a reserve deputy sheriff in Baton Rouge. Petitioners did not pay any rent to Mr. Crain's parents, nor did they contribute any money to them for the purchase of groceries, the payment of utility bills, or the payment of other expenses associated with the upkeep of a home. While Thomas' parents maintained a home in Hot Springs, it is apparent that petitioners did not maintain a "tax home" there. In fact, petitioners do not have a "tax home." Thomas was a journeyman electrician who literally "carried his home on his back." This is reinforced by the fact that Thomas and his family, that is to say his wife, accompanied him on his assignments, and that is indicative that his "tax home" was at the place of each work assignment. Those were the places where he worked, ate, and slept. In short, they were the places where he lived. Cf. United States v. Mathews,332 F.2d 91 (9th Cir. 1964); Brandl v. Commissioner,513 F.2d 697 (6th Cir. 1975), affg. a Memorandum *143 Opinion of this Court. Petitioners have offered the following evidence to support their contention that their "tax home" was in Hot Springs, Arkansas; they filed Arkansas tax returns; paid Arkansas personal property tax on their cars; maintained a checking account in Amity, Arkansas, located about 45 miles away from Hot Springs; kept 133 Mt. View as their mailing address; have an Arkansas drivers license; and registered their car in Arkansas. The Court on several occasions has ruled that these types of contacts are insufficient to support a deduction which was intended to ease the financial burden of working away from home. Hicks v. Commissioner,supra;Fisher v. Commissioner,23 T.C. 218 (1954), affd. 230 F.2d 79 (7th Cir. 1956). It is concluded that petitioners were not "away from home," within the meaning of section 162(a)(2) during 1977, and accordingly are not entitled to a deduction under that section. The Costs incurred by Shelley to Take a Nursing Board Examination
For 1977, Shelley deducted $230 incurred in airfares in order to take the Arkansas State Nursing Board examination. She also paid and deducted *144 a $60 fee to take the examination. Passing the examination would qualify her to be a registered nurse. Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Expenditures made by an individual for education are deductible as ordinary and necessary expenses if the education maintains or improves skills required by the individual in his employment or other trade or business. Section 1.162-5(a), Income Tax Regs. However, this general rule does not apply if the expenditures fall within either of two specified categories. Educational expenses which are incurred to meet the minimum educational requirement for qualification in a taxpayer's trade or business or which qualify the taxpayer for a new trade or business are nondeductible expenditures. Section 1.162-5(b)(2) and (3), Income Tax Regs.
In Robinson v. Commissioner,78 T.C. 550 (1982), the Court held that costs incurred to become a registered nurse are nondeductible under section 1.162-5(b)(3), Income Tax Regs., since they qualify a taxpayer for a new trade or business. Accordingly, petitioners may not deduct *145 the costs incurred by Shelley to take the nursing board examination since they were expenses incurred to qualify her in a new trade or business. Lack of Substantiation.
Respondent disallowed petitioners' deductions for the following items for lack of substantiation: union dues in the amount of $39; uniform costs in the amount of $184; and work clothes in the amount of $150. Because petitioners have not sustained their burden of proof by substantiating these expenditures respondent's determinations must be sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. All Rule references are to the Tax Court Rules of Practice and Procedure.↩