BRUCE GILBERT CAVANA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cavana v. Commissioner
Docket No. 25075-88
United States Tax Court
T.C. Memo 1990-64; 1990 Tax Ct. Memo LEXIS 64; 58 T.C.M. (CCH) 1364; T.C.M. (RIA) 90064; February 12, 1990
Bruce G. Cavana, pro se. Alan Staines, for the respondent. *65 GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rule 180 et seq. [1]
Respondent determined the following deficiencies and additions to tax: Additions to Tax Year
Deficiency
§ 6653(a)(1)
§ 6653(a)(2)
1984
$ 1,484.60
$  74.23
* 1985
2,021.16
101.00 **
The issues for decision are: 1) Whether petitioner was "away from home" for tax purposes during the years in issue, entitling him to deduct the cost of lodging and meals pursuant to section 162(a)(2); 2) whether respondent correctly included certain amounts of unemployment compensation in petitioner's *66 taxable income in 1984 and 1985; and 3) whether petitioner is liable for the additions to tax under section 6653(a)(1) and (2). Some of the facts were stipulated and are so found. Bruce Cavana (hereinafter referred to as petitioner) is a heavy equipment operator. On his Federal income tax returns for the years in issue and on the petition filed with this Court, petitioner reported his address as 4609 Buckingham Way, Sacramento, California. The house at the Sacramento address is owned by petitioner's mother and brother. Petitioner has no legal or financial interest in the house. Petitioner's mother resides in the house; his brother does not. Petitioner receives his work assignments almost exclusively through his union which is organized into various geographic districts or areas. A union member can request work assignments "in-area" which is the district in which the member resides, or "out of area" which consists of any or all other districts served by the union. Members on "in-area" lists receive priority for work assignments over members on "out of area" lists. Petitioner's requested "in-area" is Sacramento. Petitioner has not worked in Sacramento since 1980. Petitioner *67 was unemployed throughout taxable years 1981 and 1982. After failing to receive work assignments in the Sacramento area, petitioner requested work "out of area" in San Jose, California. San Jose is approximately 116 miles from Sacramento. During taxable year 1983, all of his job sites were within a 50 mile radius of San Jose. During 1984 and 1985, the years in issue, petitioner worked only in Palo Alto, Mountain View, and Watsonville, California. All three locations are within approximately 50 miles of San Jose. During 1984 and 1985, petitioner received unemployment compensation benefits in the respective amounts of $ 4,316 and $ 4,648. During periods of unemployment, petitioner resided in his mother's house in Sacramento and shared living expenses with her. When petitioner worked in the San Jose area, he rented rooms at lodging houses near his work sites. On his 1984 and 1985 Federal income tax returns petitioner claimed employee business expense deductions in the amount of $ 6,243.27 and $ 6,981.00, respectively, for meals and lodging in the San Jose area. Respondent concedes that petitioner has substantiated expenditures in the amount of $ 6,243.27 and $ 6,070.00 for 1984 *68 and 1985, respectively. However, respondent contends that petitioner is not entitled to the claimed deductions since the expenditures were not incurred while "away from home" within the meaning of section 162(a)(2). Respondent asserts that petitioner literally carried his home on his back. See Hicks v. Commissioner, 47 T.C. 71, 73 (1966). Personal living and family expenditures are ordinarily not deductible. Sec. 262. However, section 162(a)(2) allows a deduction for certain travel and living expenses paid or incurred by a taxpayer "while away from home in the pursuit of a trade or business." The purpose of allowing the deduction of living expenses while a taxpayer is "away from home" is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses. * * * [Kroll v. Commissioner, 49 T.C. 557, 562 (1968).] It is axiomatic that in order to be away from home, a taxpayer must have a home to be away from. Barone v. Commissioner, 85 T.C. 462, 465 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986). *69 The general rule is that a taxpayer's home for the purposes of section 162(a)(2) is his abode at his principal place of business or employment. Coombs v. Commissioner, 608 F.2d 1269, 1274 (9th Cir. 1979); Kroll v. Commissioner, supra at 561. An exception to this rule provides that where a taxpayer's employment at his principal place of work is temporary, the expenses connected with his temporary employment may be deductible. Peurifoy v. Commissioner, 358 U.S. 59 (1958). If, however, a taxpayer does not maintain a home other than in the location where he works, it is immaterial whether his employment there [is] "temporary" or "substantially short" on the one hand, or "indefinite" or "substantially long" on the other. Such distinctions are relevant only when the taxpayer maintains a home, and is away from it. [United States v. Mathews, 332 F.2d 91, 93 (9th Cir. 1964); fn. ref. omitted.] Petitioner must demonstrate that he incurred substantial continuing living expenses at a permanent place of residence other than in the San Jose area. James v. United States, 308 F.2d 204, 207-208 (9th Cir. 1962); *70 Bochner v. Commissioner, 67 T.C. 824, 828 (1977). In this case, petitioner did not pay rent and had no home ownership expenses in Sacramento. During those periods when he was unemployed, petitioner lived in his mother's house and helped her with the expenses. Such an arrangement does not involve substantial continuing living expenses. United States v. Mathews, supra at 93. With respect to employment, petitioner's only contact in Sacramento was through his union. However, petitioner admitted that he would have received more work assignments through the union had he lived in San Jose and claimed that as his "in area." Petitioner contends that Sacramento should be considered as his "tax home" because that is where he received California unemployment benefits. Petitioner has not established that he was required to live in Sacramento in order to receive those benefits. Moreover, receiving unemployment benefits while living in Sacramento did not cause that city to become petitioner's tax home since that was not his "principal place of business or employment" within the meaning of section 162(a)(2). We conclude that petitioner's contacts with *71 Sacramento were insufficient for that city to be deemed petitioner's tax home. Accordingly, petitioner was not "away from home" within the meaning of section 162(a)(2). We therefore conclude that petitioner is not entitled to deduct travel expenses in 1984 and 1985 under section 162(a)(2). Respondent is sustained on this issue. Respondent determined that petitioner is taxable on portions of his unemployment compensation received in 1984 and 1985 pursuant to the provisions of sections 85(a) and (b). The adjustments resulted automatically as a result of respondent's disallowance of the deductions for travel expenses in 1984 and 1985. The Court's holding with respect to the deductibility of the travel expenses is dispositive of this issue. Respondent is therefore sustained on this issue. Section 6653(a)(1) imposes an addition to tax if any part of an underpayment of tax is due to negligence or disregard of rules and regulations. Section 6653(a)(2) imposes an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Petitioner has the burden of proof. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). *72 We think on the basis of the record as a whole that petitioner in good faith believed that the items in question were deductible as away from home expenses. See Kasey v. Commissioner, 54 T.C. 1642 (1970), affd. per curiam 457 F.2d 369 (9th Cir. 1972). We believe, under the circumstances, that it would be inappropriate to impose the additions to tax under sections 6653(a)(1) and (2). Petitioner is sustained on this issue. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
*. 50 percent of the interest due on the underpayment of $ 1,484.60 attributable to negligence. ** 50 percent of the interest due on the underpayment of $ 2,021.16 attributable to negligence.↩